UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANS ET AL, | No. C 11-01078 DMR |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES** |
| v. | |
| LINDEN RESEARCH, INC. ET AL, | |
| Defendants. | |

Before the court is the parties' joint letter addressing Plaintiffs' request for an order to compel responses to discovery requests pertaining to class certification. Doc. no. 87. The court held a hearing on the parties' discovery dispute on April 12, 2012, at which the parties were represented by counsel. For the reasons stated at the hearing and as set forth below, the court GRANTS IN PART Plaintiffs' motion for an order compelling further responses with respect to the requests for admission and DENIES IN PART Plaintiffs' motion with respect to the requests for production.

This putative class action involves the internet role-playing virtual world entitled Second Life. In Second Life, participants, known as "Residents," can purchase virtual real and personal property. Plaintiffs allege that Defendants – the creators and operators of Second Life – represented that Residents actually owned their virtual property. Plaintiffs further allege that Defendants wrongfully confiscated virtual property from them, as well as from the class members they seek to represent. Defendants respond that Second Life Residents can create content in the virtual world,

and that those Residents retain copyright in their creations, as well as a license to use the Second Life computing resources. However, according to Defendants, Residents do not have ownership interests in real or personal property beyond what is provided by contract through the Second Life Terms of Service. In the current dispute, Plaintiffs seek to compel further responses to written discovery requests which Plaintiffs argue will support their motion for class certification.

## I. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. At the pre-certification stage, discovery in a putative class action is generally limited to certification issues, such as numerosity, commonality, typicality and adequacy of representation. See Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978)).

In Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009), the Ninth Circuit recognized that pre-certification discovery lies within the trial court's discretion:

> District courts have broad discretion to control the class certification process, and "[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir.1975); accord Armstrong v. Davis, 275 F.3d 849, 871 n. 28 (9th Cir.2001). Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that "[t]he propriety of a class action cannot be determined in some cases without discovery," Kamm, 509 F.2d at 210, and that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir.1977) (holding, however, that class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations"); accord Mantolete v. Bolger, 767 F.2d 1416, 1424-25 (9th Cir.1985). Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted. [Footnote omitted.]

Vinole, 571 F.3d at 942. "Although pre-certification discovery is discretionary, courts generally permit such discovery if it would substantiate the class allegations or if plaintiff makes a prima facie

1  showing that the requirements of Rule 23 are satisfied." Vallabharpurapu v. Burger King Corp.,
2  276 F.R.D. 611, 615 (N.D. Cal. 2011) (citing Mantolete, 767 F.2d at 1424). Denial of discovery that
3  is necessary to determine the existence of a class or set of subclasses constitutes an abuse of
4  discretion. Artis v. Deere & Co., 276 F.R.D. 348, 351 (N.D. Cal. 2011) (citations omitted). In the
5  present case, the parties stipulated to a bifurcated discovery plan that first focuses on class
6  certification, then turns to discovery on the merits.

## II. ANALYSIS

### A. Requests for Admission Nos. 1-2

Plaintiffs move to compel responses to the following requests for admission ("RFA"):

> RFA No. 1: An individual that purchased virtual land in Second Life at any point from 2003 until the present did not own the virtual land the individual purchased.
>
> RFA No. 2: An individual that purchased virtual items in Second Life at any point from 2003 to the present did not own the property, land or items the individual purchased.

Plaintiffs contend that these RFAs are relevant to the "commonality" requirement of Federal Rule of Civil Procedure 23(a)(2), which examines whether "there are questions of law or fact that are common to the class." Defendants do not dispute that the question of whether users "own" land is at least marginally relevant to the question of commonality. However, Defendants argue that the RFAs are ambiguous in their use of the word "own." They further contend that Plaintiffs' requests go primarily to the merits of Plaintiffs' claims, that is, what it means for users to "own" the virtual land and property in Second Life. On those bases, Defendants refused to respond to the RFAs.

Plaintiffs argue that when considering a motion for class certification, the court may look to the merits where they overlap with issues concerning class certification. Joint Letter at 3. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) ("'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and [ ] certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' Frequently that 'rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim.'") (citations omitted). Plaintiffs contend that even if the RFAs are relevant to the merits, Defendants' responses will also tend to support a

Rule 23 showing; thus, the court should broadly define the scope of class certification discovery to encompass them.

In Dukes, the Supreme Court held that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" 131 S.Ct. at 2551 (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 (1982)). Addressing the commonality requirement for putative class claims alleging employment discrimination under Title VII, the Supreme Court held that plaintiffs must "affirmatively demonstrate" that Rule 23 requirements are met for certification:

> This does not mean merely that they have all suffered a violation of the same provision of law. Title VII, for example, can be violated in many ways—by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company. Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.
>
> "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."

Dukes, 131 S.Ct. at 2551 (internal quotation marks and citation omitted).

At oral argument, Plaintiffs conceded that in considering the class certification motion, the court will not need to determine whether users "own" virtual land on Defendants' website in order to decide whether Plaintiffs have met their burden of establishing commonality. In other words, Plaintiffs acknowledge that the actual answers to these RFAs will not be critical to the court's examination of whether class treatment is appropriate in this case. It is also worth noting that Defendants conceded that the answer to the question of ownership, as presented in the RFAs, would apply equally to all website users. Thus, although the court makes no definitive ruling at this time, it at least appears to be undisputed that the alleged injury -- conversion of virtual property ownership -- would be common to all potential class members, where the putative class is defined as "all persons who are or were owners, possessors, purchasers, creators or sellers of virtual land or any

1  other items of virtual property or items as participants in the Second Life game at any point between
2  November 14, 2003 and the date of class certification (the "Main Class")." SAC ¶ 173. The
3  classwide injury alleged here is therefore distinguishable from the potentially dissimilar types of
4  injury presented in a putative gender discrimination class action such as Dukes, where the Supreme
5  Court noted that "[d]issimilarities within the proposed class are what have the potential to impede
6  the generation of common answers," addressing the different types of injury recognized under Title
7  VII. Dukes, 131 S.Ct. at 2551.

As such, even though the requested discovery may add some modest level of support to Plaintiffs' class certification motion, the responses to the RFAs are not strictly "necessary to determine the existence of a class." Artis, 276 F.R.D. at 351. In this case, however, the court exercises its discretion to permit this discovery at the class certification stage. The court notes that Defendants already have essentially responded to Plaintiffs' RFAs in the parties' joint letter by providing an explanation that addresses alternative meanings of the ambiguous term "own," thereby fairly responding to the substance of the discovery requests. Joint Letter at 6. The court determines that Defendants' responses to these admittedly ambiguous RFAs sufficiently "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand v. Mercy Medical Center*, 22 F.3d 933, 938 (9th Cir. 1994). Because these responses were provided only in the joint briefing on Plaintiffs' motion, the court GRANTS IN PART Plaintiffs' motion to compel by ordering Defendants to provide supplemental responses to the RFAs consistent with their representations as set forth in the joint letter. No further explanatory responses will be ordered at this time.

**B. Requests for Production Nos. 4 and 6**

Plaintiffs further move to compel responses to the following requests for production of documents ("RPD"):

> RPD No. 4: Produce all documents pertaining, related to, referencing or discussing why references to ownership of virtual land were removed or deleted from the Second Life website.
>
> RPD No. 6: Produce all documents pertaining, related to, referencing or discussing why the terms "A world created, imagined and owned by its

United States District Court
For the Northern District of California

residents" that appeared on the Second Life website were changed to "A world created and imagined by its residents."

Among other objections, Defendants did not respond to these requests for documents on the ground that they do not pertain to class certification. Plaintiffs contend that they are entitled to this discovery to demonstrate that their claims have factual and legal issues common to the class, pointing out that it was not until the March 2010 TOS that consumers were informed that they no longer "owned" their land, but it had been transformed into a license. Joint Letter at 8. Plaintiffs propose to limit the documents to email/documents from September and October 2007 regarding the term"own" and/or changes to the Second Life website. Plaintiffs also argued at the hearing that this discovery is necessary for Plaintiffs to satisfy their burden to prove that the questions of ownership common to the class predominate over questions affecting individual members pursuant to Rule 23(b)(3).

Defendants persuasively argue that Plaintiffs seek discovery into internal documents about *why* Linden chose to use certain terms in its legal agreements and on its website. The court agrees that the thrust of this discovery squarely points to the merits of the case, and is related only tangentially to class certification issues. Because discovery has been bifurcated to avoid costly merits discovery at the class certification stage, these document requests are better suited for merits discovery. Plaintiffs' motion to compel responses to the requests for production is therefore DENIED at this stage; Plaintiffs may renew the requests once discovery has commenced on the merits.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to compel is GRANTED IN PART AND DENIED IN PART. Defendants shall provide supplemental responses to the Requests for Admissions Nos. 1 and 2 by no later than April 25, 2012.

**IT IS SO ORDERED.**

Dated: April 25, 2012

DONNA M. RYU
United States Magistrate Judge

6